IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENZER BELL, | : | Case No. 4:CV-05-1825 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Jones) |
| v | : | |
| | : | |
| DEAN HESSER, ET AL., | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM AND ORDER

May 23, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c) ("the Motion") (doc. 21) filed by Defendants on March 20, 2006. For the reasons that follow, the Motion will be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY:

The Plaintiff, Renzer Bell ("Plaintiff" or "Bell"), commenced this action by filing a complaint with this Court on September 9, 2005 alleging claims of breach of contract and violation of 42 U.S.C. §§ 1981 and 2000a arising out of an alleged effort on Plaintiff's part to purchase a car from Defendant Tom Hesser Chevrolet, Inc. in the years 1999 and 2000. (Rec. Doc. 1).

1

On February 3, 2006, Plaintiff filed an amended complaint in which he included the following claims: 42 U.S.C. § 1983 and/or 42 U.S.C. § 2000a (First Count); breach of contract and/or anticipatory repudiation of contract (Second Count); fraudulent misrepresentation and/or fraud per se (Third Count); and breach of implied warranty and/or breach of express warranty (Fourth Count). Defendants Tom Duffy, Dean Hesser, and Tom Hesser Chevrolet, Inc. d/b/a Tom Hesser BMW filed a timely answer to Plaintiff's amended complaint. (Rec. Doc. 20).

In the amended complaint, Plaintiff alleges that he sought to purchase a BMW Z8 from Defendant Tom Hesser BMW in November 1999. He dealt with Tom Duffy, an employee represented to be a Sales Manager of Tom Hesser BMW. On November 8, 1999, Plaintiff, on behalf of his then employer Naki General Investments, LLC, entered into an agreement with Tom Duffy, Sales Manager for Tom Hesser BMW, that would commit Tom Hesser BMW to sell Plaintiff's employer the first BMW Z8 received by Defendant Tom Hesser BMW. Plaintiff asserts that the product which is at issue in this case, a motor vehicle, is a movable good. Plaintiff remained in touch with Defendants throughout the time he awaited production of the BMW Z8. In December 2000, Plaintiff forwarded a copy of his driver's license to Defendants.

In January 2001, Plaintiff was advised that he would not be receiving the BMW Z8 that was delivered to the dealership. Plaintiff learned on September 2, 2005 that the person who did receive delivery of the vehicle was a European American. Plaintiff learned this from receipt of documents concerning the sale of a 2001 BMW Z8 that was sold by Defendant Tom Hesser BMW on January 10, 2001. The date the 2001 BMW Z8 was purportedly contracted to be sold to the European American was January 10, 2000, two months after the agreement was made with Plaintiff's predecessor, Naki General Investments, LLC.

On March 20, 2006, Defendants filed the Motion. In our May 3, 2006 Order, we granted Plaintiff's second enlargement of time to respond to Defendants' Motion. (Rec. Docs. 26, 29). We directed Plaintiff to file a brief in opposition to Defendants' Motion on or before May 16, 2006 and informed him that the Court would not grant any further extensions of time. (Rec. Doc. 29). To date, Plaintiff has not filed a brief in opposition to Defendants' Motion. The Motion is therefore ripe for disposition.

**DISCUSSION:**

As noted, Plaintiff has failed to file a brief in opposition to Defendants' Motion to date, despite two extensions of time provided by the Court for him to do so. Pursuant to Local Rule ("L.R.") 7.6, Plaintiff is deemed to not oppose

Defendants' Motion.[1] Even assuming arguendo that Defendants' pending Motion will not be granted by the Court as unopposed, we are in agreement with Defendants that considering the alleged facts in a light most favorable to Plaintiff and drawing all inferences therefrom in the light most favorable to Plaintiff, as we must at this juncture, Plaintiff's causes of action are all barred by the applicable statute of limitations.

Briefly, we note that Plaintiff's claims for breach of contract, anticipatory breach of contract, and breach of warranty are barred by the applicable statute of limitations as it is undisputed that by January 2001, Plaintiff was aware that the contract he entered into with Defendant Tom Hesser BMW for purchase of the first BMW Z8 delivered to the dealership was being breached. The statute of limitations for contracts entered into pursuant to Article 2 of the Uniform Commercial Code is four years. See 13 Pa. Con. Stat. Ann. § 2725, N.Y. U.C.C. § 2-725. Accordingly, Plaintiff had until January 2005 to bring a lawsuit for the above-referenced alleged breach. As the instant suit was not commenced until

---

[1] L.R. 7.6 provides, as follows:

> Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief. *Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.*

(Emphasis added).

4

September 9, 2005, Plaintiff's claim for breach of contract and anticipatory breach of contract is time barred.[2]

In addition, Plaintiff's claims for violation of 42 U.S.C. §§ 1981 and 2000a are barred by the applicable statute of limitations as under federal law, the statute of limitations is either two years or four years. Goodman v. Lukens Steel Co., 482 U.S. 656, 660-61 (1987); Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369 (2004).

Finally, Plaintiff's claims based upon fraudulent misrepresentation and fraud per se are barred by the applicable statute of limitations as such claims sound in tort, which correspond to a two year statute of limitations. See 42 Pa. Cons. Stat. Ann. § 5524. As Defendants aptly submit, even if it is assumed that Plaintiff's reliance on the contract was as a result of some alleged fraud or misrepresentation as to the status of Defendant Tom Duffy, or his ability to bind Defendant Tom Hesser Chevrolet, Inc. d/b/a Tom Hesser BMW to a commitment to sell Plaintiff the vehicle described within the contract, Plaintiff's claim is time barred. The documents purportedly being a contract are dated November 8, 1999

---

[2] As noted by Defendants, pursuant to the terms of the Uniform Commercial Code, the statute of limitations for a breach of warranty accrues when the breach is or should have been discovered. In this case, the alleged breach is the failure to honor the contract. To the extent that Plaintiff has alleged a recoverable theory, which we need not reach, it is nonetheless barred by the applicable statute of limitations as Plaintiff knew no later than January 2001 that the alleged contract would not be honored by Defendant.

and Plaintiff admits that he knew in January 2001 that he would not be sold a vehicle by Defendant Tom Hesser BMW. Plaintiff therefore knew that the alleged agreement would not be honored no later than January 2001. Accordingly, Plaintiff knew or should have known of the consequences of the alleged misrepresentation by that date and had two years from January 2001 to bring an action in tort for any alleged damages, which he failed to do.

Defendants' Motion is granted as unopposed pursuant to L.R. 7.6.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c) (doc. 21) is GRANTED.

2. The Clerk shall close the file on this case.

_____
John E. Jones III
United States District Judge